## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MICHAEL RICHARD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** CIV-16-1427-M |
| | § | |
| **FIREMAN'S FUND INSURANCE** | § | |
| **COMPANY and NATIONAL SURETY** | § | |
| **CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | |

### NOTICE OF REMOVAL

Defendants Fireman's Fund Insurance Company and National Surety Company (collectively "Defendants") file this Notice of Removal against Plaintiff Michael Richard ("Plaintiff") pursuant to 28 U.S.C. Sections 1441 and 1446, as follows:

### I.     COMMENCEMENT AND SERVICE

1.     On November 14, 2016, Plaintiff commenced this action by filing his Petition in the District Court of Oklahoma County, Oklahoma, styled Case No. CJ-2016-5810; *Michael Richard v. Fireman's Fund Insurance Company and National Surety Corporation.*[1]

2.     Fireman's Fund Insurance Company was served November 21, 2016.[2]

3.     This Notice of Removal is filed within thirty days of the receipt of service of process and is timely filed under 28 U.S.C. § 1446(b).[3]  This Notice of Removal is also filed within one year of the commencement of this action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

---

[1] *See* Ex. 1, Plaintiff's Petition.

[2] *See* Ex. 2, Executed Process.

[3] *Id.*

## II.     GROUNDS FOR REMOVAL

4.     Defendants are entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

## III.     DIVERSITY OF CITIZENSHIP

5.     This is an action with complete diversity of citizenship between Plaintiff and Defendants.

6.     Plaintiff is a citizen of Oklahoma.[4]

7.     Defendant Fireman's Fund Insurance Company is a foreign insurance company.[5]

8.     Defendant National Surety Corporation is a foreign insurance company.[6]

9.     No change of citizenship has occurred since commencement of the state court action.  Accordingly, diversity of citizenship exists among the proper parties.

## IV.     AMOUNT IN CONTROVERSY

10.     In the Tenth Circuit, when "it is not apparent from the petition that the amount in controversy is met, the removing party must show contested factual assertions in the case that make it possible that at least $75,000 is at issue." *Burris v. Ocwen Loan Servicing, LLC*, No. CIV-16-120-R, 2016 WL 2622016, at *2 (W.D. Okla. May 6, 2016).   A defendant may establish an amount in controversy exceeding $75,000.00 by relying on: (1) the theories and factual allegations in the complaint; and (2) a prior estimate or demand for damages made by the plaintiff.  *McPhail v. Deere & Co.*, 529 F.3d 947, 955-57 (10th Cir. 2008).   The amount in controversy is not proof of the amount the plaintiff will recover; rather, it is an estimate of the "potential value of the claims in the petition."  *Id*. at 955.

---

[4]  *See* Ex. 1, Pl.'s Pet., ¶ 1.
[5]  *See* Ex. 3, Declarations of Paul A. Tenner.
[6]  *Id*.

11.     Here, Plaintiff's allegations in his Petition and January 27, 2016 demand letter ("Demand") demonstrate an amount in controversy of at least $75,000.00.[7] *See Hartsfield v. Farmers Ins. Co. Inc.*, No. CIV-10-585-C, 2010 WL 3895716, at *2 (W.D. Okla. Sept. 30, 2010).   For breach of the insurance contract, Plaintiff seeks $46,690.97 in denied medical expenses plus "other damages."[8]   Plaintiff also sought these medical expenses in his Demand.[9] Additionally, Plaintiff alleges numerous "intentional and malicious" violations of Defendants' statutory and common law duty of good faith and fair dealing, including serious allegations that Defendants intentionally investigated the claim in such "a way to deny Mr. Richard's UM claim rather than finding ways to pay.…"[10]   Moreover, Plaintiff seeks punitive damages.[11]   The potential damages for these serious extra-contractual claims far exceed $75,000.  *See Capstick v. Allstate Ins. Co.*, 998 F.2d 810, 812 (10th Cir. 1993) (the Tenth Circuit upheld a $2,000,000.00 verdict against an insurer for exemplary and punitive damages when the insurer conducted a bad faith investigation of the claim and the contractual damages were only $1,500.00).   Therefore, Plaintiff's claims "make it possible that at least $75,000 is at issue."  *Burris*, 2016 WL 2622016, at *2.

12.     In a strikingly similar case to this one, *Hartsfield*, the insured sued his insurer for breach of contract, bad faith, and punitive damages.  2010 WL 3895716, at *1.  The plaintiff argued that the amount in controversy requirement was not met because his petition only alleged $32,820.12 in contract damages; however, the court disagreed:

---

[7]  *See* Ex. 1, Pl.'s Pet., pp. 2-7; Pl.'s Ex. 3, January 27, 2016 Demand Letter.

[8]  *See* Ex. 1, Pl.'s Pet., ¶¶ 12, 22.  In addition to the denied medical benefits, Plaintiff alleges that the underlying occurrence forced him to lose his job and be placed on permanent work restriction.  *Id*. at ¶ 12.

[9]  Pl.'s Ex. 3, January 27, 2016 Demand Letter.

[10]  *See* Ex. 1, Pl.'s Pet., ¶¶ 30, 33.

[11]  *Id*. at ¶ 34.  For his punitive damage claim, Plaintiff failed to plead "whether the amount of damages sought to be recovered is in excess of or not in excess of the amount required for diversity jurisdiction…" as required by OKLA. STAT. ANN. TIT. 12, § 2009 (West).

> Here, in addition to the $32,820.12 damages for breach of contract, Plaintiff seeks compensatory damages for bad faith as well as punitive damages for malicious breach of duty. Plaintiff's claim of $32,820.12 in contract damages together with compensatory and punitive damages—sufficiently supported by factual allegations- makes it possible that $75,000 is at play. Consequently, after reviewing the Amended Complaint and the Notice of Removal, this Court concludes Defendant has satisfied its burden of showing over $75,000 is in controversy.

*Id*. at *2.    Here, Plaintiff seeks more contractual damages than the plaintiff in *Hartsfield,* along with bad faith and punitive damages. Accordingly, Plaintiff's Petition and Demand establish that the total amount in controversy in the action exceeds the sum of $75,000.00 as a matter of law, and this Court has jurisdiction under 28 U.S.C. § 1332.

## V.    VENUE

13.    Venue lies in the Western District of Oklahoma pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the state court action in this judicial district.

## VI.    CONSENT TO REMOVAL

14.    All defendants consent to the removal of this action.

## VII.    NOTICE

15.    Defendant will give notice of the filing of this notice of removal to all parties of record pursuant to 28 U.S.C. § 1446(d). Defendant will also file with the clerk of the state court, and will serve upon Plaintiffs' counsel, a notice of the filing of this Notice of Removal.

## VIII.    STATE COURT PLEADINGS

16.    Copies of all state court pleadings, orders, process, and the docket sheet are attached to this Notice of Removal pursuant to Western District of Oklahoma Local Rule LCvR81.2 and 28 U.S.C. § 1446.[12]

---

[12] *See* Ex. 1, Pl.'s Pet.; Ex. 2, Executed Process; Ex. 4, Docket Sheet.

## IX.    CONCLUSION

WHEREFORE, Defendants Fireman's Fund Insurance Company and National Surety Corporation, pursuant to the statutes cited herein, remove this action from the District Court of Oklahoma County, Oklahoma, to this Court.

Dated:  December 15, 2016

Respectfully submitted,

**STEIDLEY & NEAL, P.L.L.C.**

By:  s/ Charles D. Neal, Jr.
       Charles D. Neal, Jr., OBA #6591
       cdn@steidley-neal.com
       Stacie L. Hixon, OBA #19477
       slh@steidley-neal.com
       CityPlex Towers, 53rd Floor
       2448 East 81st Street
       Tulsa, Oklahoma 74137
       (918) 664-4612 telephone
       (918) 664-4133 facsimile

and

       Andrew M. Edison
       Texas Bar. No. 00790629
       Texas Southern District Bar No. 18207
       Application for *Pro Hac Vice* to be filed

EDISON, MCDOWELL & HETHERINGTON LLP
First City Tower
1001 Fannin Street, Suite 2700
Telephone:  713-337-5580
Facsimile:  713-337-8850
Andrew.edison@emhllp.com

*ATTORNEYS FOR DEFENDANTS*

Of Counsel:
Reed Burritt
Texas Bar. No. 24092201
Texas Southern District Bar No. 2917307
Application for *Pro Hac Vice* to be filed
EDISON, MCDOWELL & HETHERINGTON LLP
First City Tower
1001 Fannin Street, Suite 2700
Telephone:  713-337-5580
Facsimile:  713-337-8850
Reed.burritt@emhllp.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been served on December 15, 2016, on the following counsel of record by certified mail:

Simone Gosnell Fulmer
Harrison Lujan
FULMER GROUP PLLC
P.O Box 2448
Oklahoma City, OK 73101
sfulmer@fulmergrouplaw.com
hlujan@fulmergrouplaw.com

*/s/ Charles D. Neal*
Charles D. Neal